■ GEORGE W. WEHRMEYER et al., Respondents, v. STATE OF NEW YORK et al., Appellants. (Claim No. 38474.) — Case held, decision reserved and matter remitted to the trial court for further proceedings in accordance with the memorandum. Memorandum: We have heretofore in *Wineburgh* v. *State of New York* (20 A D 2d 961) passed upon several of the issues presented in this appeal. The lands appropriated herein are in the same subdivision as is the Wineburgh property. In fact the appropriated land of respondents is directly opposite on Highland (James) Avenue the land appropriated from Wineburgh. Near the center of Highland Avenue between the two properties is the tower discussed in the *Wineburgh* case (*supra*). Upon the trial herein there were ambiguous references to the location of the tower. Thus, one of the claimants in answer to a leading question asked by the court agreed that one could not drive " down there * * * because of the tower." Following the trial the parties apparently recognized· the deficiencies in the record and· entered into a stipulation reciting, among other facts, that the northerly point of the tower was 20 feet south of the northerly boundary of Highland Avenue and the southerly point of the tower was 13 feet north of the southerly boundary of the same street. An expert called by claimants testified that the remaining land owned by claimants was deprived of all access by reason of the construction of the tower and expressed the opinion that the damage for the appropriated land was $14,250 with consequential damage to

the remainder of $11,000 for a total of $25,250. The State's expert valued the appropriated land at $6,800 and found no consequential damage. The trial court in its decision found that claimants' access to their remaining lands had been impaired and fixed the damages in the sum of $16,250 "for land taken and consequential damages". Thus, the failure of the court to state separately the found direct and consequential damages subjects the decision to the deficiencies that we have pointed out in a series of recent cases (*Chisholm-Ryder Co.* v. *State of New York*, 21 A D 2d 748; *Ahleim* v. *State of New York*, 21 A D 2d 747; *Wineburgh* v. *State of New York*, 20 A D 2d 961, *supra*). Upon remand the trial court should make appropriate findings as to the separate items of damage. In view of the piecemeal fashion in which the proof was submitted the record is far from satisfactory as to the degree of claimants' access to their remaining and unappropriated lands following the construction of the tower and transmission line in Highland Avenue. We are not directing a new trial but the parties, if they so desire, should have an opportunity to submit additional proof on this subject in the light of our decision in *Wineburgh* v. *State of New York* (*supra*). (Appeals from judgment of Court of Claims for claimants on a claim for permanent appropriation of realty.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.